25CA1824 Corrales v BPG Inspection 07-02-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1824
Arapahoe County District Court No. 25CV126
Honorable Don J. Toussaint, Judge

Amanda Muñoz Corrales,

Plaintiff-Appellant,

v.

BPG Inspection, LLC,

Defendant-Appellee.

JUDGMENT AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE MEIRINK
Pawar and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 2, 2026

Amanda Muñoz Corrales, Pro Se

Fidelity National Law Group, David M. LaSpaluto, Denver, Colorado, for
Defendant-Appellee

¶ 1     Plaintiff, Amanda Muñoz Corrales, appeals the district court's dismissal of her complaint against defendant, BPG Inspection, LLC (BPG), for lack of service. We affirm.

## I.     Background

¶ 2     Corrales filed a complaint against BPG alleging, among other things, negligence and breach of duty.

¶ 3     Corrales filed a return of service indicating that the sheriff had served CSC Corporation Service Company (CSC) and that CSC was BPG's registered agent. CSC sent Corrales a letter rejecting service of process, clarifying that CSC was only authorized to "receive service of process on behalf of entities that specifically name[d] it as [a] registered/statutory agent within the jurisdiction where service of process occurs" and recommending that Corrales review the secretary of state's records to identity the proper agent for the entity that she was trying to serve. Corrales then filed the rejection letter and a certified mail receipt for mail she had sent to Lawrenceville, Georgia — presumably because she thought that was BPG's principal place of business — but she didn't indicate who the recipient was, to which address she sent the certified mail, or what she sent.

1

¶ 4     Having received no response from BPG, Corrales filed a motion for default judgment for $6,032,430, asserting that BPG failed to plead, respond, or otherwise defend the action within the twenty-one-day period under C.R.C.P. 12(a).  In response, BPG entered a special appearance solely for the purpose of moving to quash service under C.R.C.P. 12(b)(2) and (4), arguing that Corrales didn't serve BPG or its registered agent, CT Corporation System (CT).  Corrales opposed the motion, claiming that the sheriff personally served BPG's agent, CSC, and that BPG was served via certified mail in Georgia.[1]  According to Corrales, BPG had actual notice of the complaint because (1) its lawyer entered his appearance in the case; (2) BPG filed a motion to quash; and (3) she received notification that her "[c]ertified mailing was picked up."  BPG countered that it was never served because CSC and CT are not the same entity, and Corrales never moved for substitute service, which was required before attempting to serve BPG or CT via certified mail.  Additionally, BPG claimed that neither it nor CT ever received the mailed summons or complaint.

---

[1] BPG offered evidence that its principal office was in Alpharetta, Georgia, and that CT's offices were in Centennial, Colorado.

2

¶ 5    The court granted BPG's motion to quash and denied Corrales's motion for default judgment. It also denied several motions that Corrales subsequently filed in individual orders and in a combined order, which reiterated Corrales's failure to properly serve BPG.[2] The court gave Corrales fourteen days to complete service or to demonstrate good cause for the delay. Corrales did neither. The court dismissed Corrales's complaint without prejudice and closed the case after concluding that she had failed to perfect service or to demonstrate good cause for the delay.

## II.    Analysis

¶ 6    On appeal, Corrales contends that service was valid and that the court abused its discretion by denying her motions for default judgment. She also asserts that the court erred by issuing substantive orders while her motion for judicial recusal was pending and that the court violated her due process rights by issuing rulings before the response deadlines had expired and

---

[2] Corrales filed a renewed motion for default judgment, a motion to recuse the district court judge, a motion to strike the court's reliance on CSC's rejection letter, a motion for relief under C.R.C.P. 60(b), and a motion for sanctions under C.R.C.P. 11.

closing the case without first holding a hearing. We disagree with all of Corrales's contentions and address each in turn.

## A.    Pro Se Appeals

¶ 7    Corrales is self-represented. Although we liberally construe a pro se party's pleadings, pro se parties must still adhere to the rules of procedure, including the appellate rules. *See Adam v. Sagee*, 2017 COA 133, ¶ 10. Corrales's brief lacks citations to the record and many of the legal authorities she relies on don't support her assertions.[3] Nevertheless, we review Corrales's claims and broadly construe her pleadings. *See Jones v. Williams*, 2019 CO 61, ¶ 5 ("Pleadings by pro se litigants must be broadly construed to ensure that they are not denied review of important issues because of their inability to articulate their argument like a lawyer.").

---

[3] We note that Corrales's opening brief contains citations to at least one case that does not actually exist and is instead a generative artificial intelligence (GAI) hallucination. The court has authority to impose sanctions on parties for failing to comply with the appellate rules, including striking pleadings. C.A.R. 38(a); *see also Al-Hamim v. Star Hearthstone, LLC*, 2024 COA 128, ¶¶ 35-36 (considering, but declining to, impose sanctions on a self-represented litigant whose briefs contained GAI-produced hallucinations). We admonish Corrales for submitting a brief with GAI-produced hallucinations for at least one nonexistent case, but we don't impose sanctions.

## B.  BPG Wasn't Properly Served

¶ 8    Corrales claims that she properly served BPG twice — once when the sheriff served CSC and again by certified mailing.  We disagree with both assertions.

### 1.  Applicable Law and Standard of Review

¶ 9    Rule 4 of the Colorado Rules of Civil Procedure describes how a defendant must be served with process for a court to obtain personal jurisdiction over the defendant.  *Minshall v. Johnston,* 2018 COA 44, ¶ 13; *see also United Bank of Boulder, N.A. v. Buchanan,* 836 P.2d 473, 477 (Colo. App. 1992) (holding that a trial court has personal jurisdiction over a party only if the party was properly served).  A party may perfect service on a business entity by delivering a copy of the summons to the entity's registered agent as identified by the secretary of state.  *See* C.R.C.P. 4(e)(4); § 7-90-704(1), C.R.S. 2025.  Though "[p]ersonal service of process is the generally preferred method to serve process," in some circumstances, substituted service under C.R.C.P. 4(f) — like service by mail — may be available.  *Sebastian Holdings, Inc. v. Johansson,* 2025 COA 60, ¶ 14.  But a plaintiff must first attempt to effectuate personal service before asking the court to order

substituted service.  *Id.* (citing *Willhite v. Rodriguez-Cera,* 2012 CO 29, ¶ 22).

¶ 10    "[T]he ultimate issue of whether any particular method of service is constitutionally sufficient in a given case is a question of law that we review de novo."  *Sebastian Holdings, Inc.,* ¶ 40.  But whether service was proper is a factual question to be resolved by the trial court.  *Werth v. Heritage Int'l Holdings, PTO,* 70 P.3d 627, 629 (Colo. App. 2003).

## 2.    Analysis

¶ 11    Corrales first argues that service was proper because the sheriff served CSC and that the sheriff's return of service on CSC is proof of proper service.  This argument is misguided.  Although C.R.C.P. 4(e)(4) permits personal service on a company's registered agent, CSC isn't BPG's registered agent.  BPG submitted evidence that its registered agent is CT, and CSC acknowledged in its rejection letter to Corrales that it could only accept service on behalf of entities that had specifically named it as their registered agent.  When a defendant files a motion to quash service of process, the plaintiff has the burden of establishing all facts essential to

6

jurisdiction.  *ReMine ex rel. Liley v. Dist. Ct.*, 709 P.2d 1379, 1382 (Colo. 1985).  Corrales didn't do that.

¶ 12    We aren't persuaded by Corrales's argument that BPG was personally served because CSC used the "same national service infrastructure that BPG . . . uses for its business registrations in other states" and that CSC treated BPG "as a client in its service-of-process network."  According to Corrales, CSC sent BPG a copy of the rejection letter, and that put BPG on notice of Corrales's lawsuit.  As we have already mentioned, Rule 4(e)(4) sets forth the requirements for perfecting service on a business entity, and Corrales doesn't provide legal authority supporting her assertion that this method of service via third-party notice is proper.  Moreover, any notice that BPG may have received doesn't discharge Corrales from complying with her own service of process obligations.  *See Bennett v. Colo. Dep't of Revenue, Div. of Motor Vehicles*, 2024 COA 97, ¶ 24 n.3 ("[P]roper service of process is an important part of invoking the jurisdiction of the courts to bring a lawsuit, and [appellant] is bound to follow the rules of procedure." (citation omitted)).

¶ 13     Nor are we persuaded by Corrales's argument that, while there may have been defects in the way that she served BPG, those defects didn't invalidate service.  Corrales is correct that service isn't invalid if the "return of service contains a technical error, defect, or omission" that doesn't affect the substantial rights of the defendant, but this applies only if service is perfected.  *See In re Marriage of Thacker*, 701 P.2d 871, 872 (Colo. App. 1985).  Here, Corrales never perfected service, and failure to effectuate proper service is more than a technical defect.

¶ 14     Next, Corrales contends that she served BPG by sending a summons and complaint by certified mail to BPG's Georgia address.  Her argument fails for two reasons.  First, Corrales never filed a motion for substitute service as required by C.R.C.P. 4(f) after demonstrating to the court that she made efforts to, but wasn't able to, obtain personal service on BPG.  Second, even if the court had permitted substitute service, Corrales failed to provide evidence that BPG was properly served.  Corrales provided a receipt for certified mail sent to Georgia, but that receipt didn't indicate the mailing's contents, its recipient, or the recipient's address.  Also, BPG

8

presented evidence that it never received the summons or complaint by certified mail.

¶ 15    When a plaintiff doesn't serve a defendant, a court may dismiss an action after providing the plaintiff notice that it intends to do so.  *See* C.R.C.P. 4(m) (establishing court's options if a defendant is not served within sixty-three days after the complaint is filed); *see also Curry v. Zag Built LLC*, 2018 COA 66, ¶ 36 (when a plaintiff fails to serve a defendant, the court may (1) notify the plaintiff that it's contemplating dismissal for lack of service and may order the plaintiff to show good cause why it shouldn't; (2) order the plaintiff to serve the defendant within a specified time; or (3) dismiss the case without prejudice after providing plaintiff notice).

¶ 16    The court acknowledged that more than sixty-three days had passed since Corrales filed her complaint, and it gave her fourteen more days to serve BPG or to show good cause for the delay. Instead of serving BPG or demonstrating good cause for the delay, Corrales continued to file documents asserting that service was proper.  These were the same arguments that the court had already considered and rejected.  Corrales was given ample notice that

service wasn't proper. She was also given several opportunities to perfect service. We therefore discern no error with the court's decision to grant the motion to quash service and to close and dismiss the case.

## C. Remaining Matters

¶ 17 Corrales asserts that the court erred by (1) denying her motions for default; (2) issuing substantive orders while a motion for recusal was pending; and (3) issuing rulings before the response deadline had expired and closing the case without holding a hearing. We disagree.

### 1. Motions for Default Judgment

¶ 18 We review the district court's decision to grant or deny default judgment for an abuse of discretion. *See In re Trust of Malone*, 658 P.2d 284, 285 (Colo. App. 1982). "A court abuses its discretion when its ruling is manifestly arbitrary, unreasonable, or unfair, or if it misapplies or misconstrues the law." *Gagne v. Gagne*, 2019 COA 42, ¶ 16.

¶ 19 "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise, the clerk shall enter his

default." C.R.C.P. 55(a). A party entitled to a default judgment "shall apply to the court." C.R.C.P. 55(b)(1). But a party seeking default judgment must file documentation showing valid service on the defendant. *See* C.R.C.P. 121, § 1-14(1)(a).

¶ 20 As we have already discussed, Corrales didn't properly serve BPG. Without proper service, BPG wasn't obligated to respond, and Corrales wasn't entitled to default judgment. *See Goodman Assocs., LLC v. WP Mountain Props., LLC*, 222 P.3d 310, 315 (Colo. 2010) ("[A] default judgment entered by a court without personal jurisdiction over the defendant, e.g., due to an invalid service of process, is a nullity and without effect."). Even if service had been proper, BPG filed its responsive motion *after* Corrales filed her first motion for default judgment but *before* the court issued an order on the motion. *Cf. Colo. Comp. Ins. Auth. v. Raycomm Transworld Indus., Inc.*, 940 P.2d 1000, 1001 (Colo. App. 1996) (A court "may not properly enter a default judgment if an answer has been filed before entry of default by either the clerk or the court." (emphasis omitted)). The court therefore didn't abuse its discretion by denying Corrales's motions for default.

## 2. Judicial Recusal

¶ 21    Although Corrales doesn't challenge the court's ruling denying recusal, she asserts that the court lacked authority to rule on substantive motions while her motion for recusal and renewed motion for recusal were pending. We disagree.

¶ 22    We review a judge's decision to disqualify for an abuse of discretion, and we review the sufficiency of the motion to disqualify de novo. *Bocian v. Owners Ins. Co.*, 2020 COA 98, ¶ 12. Under C.R.C.P. 97, "[a] judge shall be disqualified in an action in which he is interested or prejudiced." A party moving for disqualification must support the motion with an affidavit, and while the motion is pending, "all other proceedings in the case shall be suspended." C.R.C.P. 97.

¶ 23    In the absence of a valid reason for disqualification, trial judges have a duty to preside over a case, *Bd. of Cnty. Comm'rs v. Blanning*, 479 P.2d 404, 406 (Colo. App. 1970), and once the court denies a motion for recusal, it can immediately issue further rulings, *see Comiskey v. Dist. Ct.*, 926 P.2d 539 (Colo. 1996) (recognizing that after a judge rules on the sufficiency of a recusal

12

motion, the judge's authority to proceed is preserved if the motion is denied).

¶ 24    Corrales filed a motion for recusal on July 29, 2025.  She didn't include an affidavit with her motion or articulate, with specificity, why the presiding judge appeared to be biased.  The next day, the court denied the motion on grounds of deficiency as part of its combined order denying default judgment and a motion to strike the court's reliance on CSC's rejection letter.  Having denied the motion to recuse, the court also had authority to deny the motions Corrales subsequently filed, including her renewed motion for default judgment and her motion for sanctions under C.R.C.P. 11.

¶ 25    Likewise, Corrales's renewed motion for recusal filed on August 10, 2025, didn't require the court to stay the proceedings because it was successive and raised the same arguments.  *See Adams Cnty. Hous. Auth. v. Panzlau*, 2022 COA 148, ¶ 27 ("Rule 97 does not require judges to stay the proceedings when a party files a successive recusal motion that rests on the same factual underpinnings as the party's prior unsuccessful motion to recuse.").

### 3. Due Process

¶ 26    Corrales contends that the court violated her due process rights by denying her motions for default judgment, motion for sanctions, and motions for recusal before the twenty-one-day response period had expired and by dismissing her case without a hearing.[4]  Corrales's argument is misplaced.

¶ 27    First, by filing the motions, Corrales was the moving party — not the responding party.  Thus, any response deadlines would have been BPG's.

¶ 28    Second, Corrales argues that the court violated her due process rights by closing the case without notice or hearing. However, as previously mentioned, the court didn't err; it notified Corrales that it would dismiss the case if, within fourteen days, she didn't properly serve BPG or show good cause for the delay. Corrales did neither, and the court acted within its discretion by dismissing the case.  *See Curry*, ¶ 36.

---

[4] We note that Corrales asserts that the court's actions violated her fundamental due process guarantees.  However, she doesn't provide legal authority or develop an argument that supports this assertion, nor does she point to a fundamental due process right at issue in this matter.

### 4. Attorney Fees on Appeal

¶ 29   BPG contends that it is entitled to attorney fees on appeal based on the 2021 home inspection agreement between it and Corrales.  The contract provides, in relevant part, "If you elect to pursue a legal action against BPG and/or its agents in a court of law and you do not prevail, client agrees to pay half of BPG's legal costs, expenses[,] and fees in defending said action."

¶ 30   We exercise our discretion under C.A.R. 39.1 and remand the issue to the district court to determine whether BPG is entitled to attorney fees on appeal and, if so, for what amount.

## III.   Disposition

¶ 31   We affirm the court's dismissal of the case and remand for the court to determine whether to award appellate attorney fees.

JUDGE PAWAR and JUDGE SULLIVAN concur.